## CONWAY *v.* WADDELL.

### Opinion delivered March 22, 1909.

1. HAWKERS AND PEDDLERS—DEFINITION.—Under Kirby's Digest, § 5438, giving cities and incorporated towns the power to "license, regulate, tax, or suppress hawkers, peddlers," etc., the term "peddler" means one who goes from place to place and from house to house carrying for sale and exposing to sale the goods, wares and merchandise which he carries. (Page 129.)

2. SAME—SALE OF ONE'S OWN BOOK.—One may be a peddler though he carries around and sells his own book. (Page 129.)

3. SAME—CONSTRUCTION OF ORDINANCE.—A municipal ordinance which imposes upon peddlers a license fee of $25 per day, without attempting to prohibit the business, will not be taken as an exercise of the statutory power to suppress peddling. (Page 130.)

4. SAME—VALIDITY OF TAX.—A municipal ordinance imposing upon peddlers a license fee of $25 per day is too excessive to be upheld as a tax for regulation of revenue, and is therefore void. (Page 130.)

Appeal from Faulkner Circuit Court; *Eugene Lankford,* Judge; affirmed.

Conway, a city of the second class, has the following ordinance:

"ORDINANCE NO. 165.

"An ordinance entitled, 'An ordinance to regulate and license street peddling and street exhibitions, and to provide punishment for the violation of the regulations contained therein.'

"Be it ordained by the City Council of the City of Conway, Arkansas:

"Section one. It shall be unlawful for any person to sell, offer for sale, attempt to sell, peddle or attempt to peddle, any goods, wares, merchandise, medicines or articles of any kind whatsoever, except meats, vegetables and farm produce, or to give any show, entertainment or exhibition of any kind for the purpose of advertising any goods, wares, merchandise, medicines or articles of any kind on any of the streets, sidewalks, alleys, public squares or other public grounds in the city of Conway without first obtaining a license therefor from the city of Conway in the manner hereinafter set forth.

"Section two. Any person desiring to obtain the license required by section 1 of this ordinance shall make application therefor to the recorder of the city of Conway, who shall issue such license upon the payment by such person of the following amounts for such license: * * * For license to sell, offer for sale, * * * goods, wares, merchandise or articles of any kind (except fresh meat, vegetables and farm produce) when no show, entertainment or exhibition is to be given in advertising said articles, * * * the sum of twenty-five dollars per day.

*     *     *     *     *     *     *     *     *

"Section five. That any person who shall violate the provisions of section one of this ordinance shall be deemed guilty of a misdemeanor, and, upon conviction thereof before the mayor or other proper officer, shall be fined in any sum not less than fifty nor more than one hundred dollars for each and every offense."

The appellee was convicted in the mayor's court of a violation of this ordinance. He was charged with the offense "of

selling articles and books in a public place in the city of Conway without having a license therefor." He appealed to the circuit court. The circuit court held that the ordinance was void, and the city prosecutes this appeal.

*R. W. Robins,* for appellant.

1. The only defense interposed was that the city could not require license for selling a copyrighted book. 148 U. S. 92; 97 *Id.* 501.

2. The council had power to pass the ordinance under the general power granted it. Kirby's Digest, § § 5461, 5438; 53 Ark. 368, 376; 70 *Id.* 12; 85 *Id.* 396, 406.

3. The license fee was not unreasonable, 41 Ark. 485; 43 *Id.* 82; 52 *Id.* 301; 56 *Id.* 370. The presumption is that the charge is reasonable, and the burden is on the one who would overthrow it. 43 Ark. 82; 52 *Id.* 301; 64 *Id.* 152; 70 *Id.* 28; *Ib.* 221; 71 *Id.* 463.

4. The council had power to pass the ordinance under the special power to control and supervise the streets and grounds of the city. Kirby's Digest, § § 5530, 5593; 41 Ark. 485; 43 *Id.* 82; 56 *Id.* 370; 72 *Id.* 556; 148 U. S. 92; 29 Col. 552; 145 Mass. 384; 87 Iowa, 226; 28 Cyc. 851, 852; 71 N. E. 194; 120 Ill. 627.

The appellee, *pro se.*

WOOD, J. (after stating the facts.) Section 5438 of Kirby's Digest gives cities and incorporated towns the power "to license, regulate, tax, or suppress hawkers, peddlers," etc.

A peddler is one "who goes from place to place and from house to house carrying for sale and exposing for sale the goods, wares and merchandise he carries." *Commonwealth* v. *Farnum,* 114 Mass. 267; Re *Wilson,* 12 L. R. A. 624; 6 Words and Phrases, 5260, "Peddler," and cases cited.

Appellee sold his own book, but he was a peddler within the meaning of this statute and ordinance. The words "peddler" and "hawker" in the statute and ordinance are used in the ordinary and common-law acceptation of the terms, and in the sense in which these words are used in our Constitution. Art. 16, § 5. Under the statute it was within the power of the city to suppress peddling or to license it and fix a license tax or fee for regulation and for revenue. The language of the ordinance no-

where indicates that it was the purpose of the city council to suppress peddling. Had such been the purpose of the council, it doubtless would have made it unlawful to peddle, and made no provision for obtaining a license therefor. We do not feel warranted in saying from the language of the ordinance that the purpose of the council was to suppress peddling altogether. Peddling on the streets is not necessarily a nuisance in itself, and there is nothing in the ordinance to indicate that the council intended to treat it as such and to suppress it. On the contrary, the express language of sections one and two of the ordinance show that the intention of the council was to license it and to require the payment of a tax or fee for such license in the sum of $25.00 per day. There is no prohibition of the business, but an express permission to carry it on upon the conditions prescribed. The tax was manifestly both for the purpose of regulation and revenue. The title of the ordinance declares that it was for the purpose of license and regulation, but the council also had the power to tax for revenue. *Little Rock* v. *Prather*, 46 Ark. 478. Considered as an ordinance to license and to tax for regulation and also for revenue, it was void on its face. It is inconceivable that it would require the sum of $25 per day to reimburse the city for the expense of issuing the license and the efficient police surveillance of the business, and the amount is still unreasonable when, in addition to the above, it is considered as a tax for the purpose of raising revenue for the city.

In *Fayetteville* v. *Carter*, 52 Ark. 301, Judge BATTLE, speaking for the court, said: "If the fee required is not plainly unreasonable, the courts ought not to interfere with the discretion exercised by the council in fixing it; and, unless the contrary appears on the face of the ordinance requiring it, or is established by proper evidence, they should presume it to be reasonable."

But here no presumption can be indulged. For the fee and tax of $25 per day for the privilege of carrying on the business of a peddler or hawker on the streets or other public places in the city of Conway, and the regulation and taxation thereof is plainly excessive, and, as we have said, renders the ordinance for such purposes void on its face.

The judgment is therefore affirmed.