LAPRAIRIE *v.* CITY OF HOT SPRINGS.

Opinion delivered June 12, 1916.

1. TAXATION—ILLEGAL TAX—RIGHT OF CITIZEN TO RESTRAIN COLLECTION. —A citizen and tax payer may bring an action in equity to enjoin the collection of an illegal tax.

2. MUNICIPAL CORPORATIONS—OCCUPATION TAX.—The Legislature has authority under the constitution to delegate to cities the power to tax occupations.

3. MUNICIPAL CORPORATIONS—POWERS.—Municipalities possess no inherent powers and can exercise only such powers as are delegated to them by the legislative branch of the state government, either expressly or by necessary implication.

4. STATUTES—CONSTRUCTION—AMBIGUITY—TITLE.—In the interpretation of statutes, where the court is in doubt, it may look to the legislative title of the statute. The title itself forms no part of the enactment, but it may show the legislative intent.

5.  MUNICIPAL CORPORATIONS—OCCUPATION TAX—POWERS UNDER ACTS
    OF 1907, PAGE 782, ACT NO. 322—INDEPENDENCE COUNTY.—Act No. 322,
    page 782, Acts of 1907, entitled "An act for the enlargement of the
    powers of cities of the first and second class and incorporated towns
    in Independence County," *held,* to be a special statute for Independence
    County and that the language used in Section 2 of the act does not
    extend its operation to other localities.

6.  MUNICIPAL CORPORATIONS—OCCUPATION TAX—SCOPE OF ACT 322,
    ACTS OF 1907.—Section 2 of Act 322, Acts of 1907, provides, "That this
    Act shall apply only to Independence County and any other county,
    or counties that may desire to take advantage of the provisions of this
    Act." *Held,* that portion of the section, which declares that the act
    shall apply to other counties than Independence, which may desire to
    take advantage of it, is wholly inoperative.

Appeal from Garland Chancery Court; *Jethro P.
Henderson,* Chancellor; reversed.

*Davies & Davies.*

The ordinance is void for the reasons that:

1.  The act was void.

2.  It was a special act.

3.  If intended as a general act no method of adoption by counties or cities outside of Independence County was provided.

4.  It was purely a revenue measure.

5.  The occupations themselves could not be licensed, and if they were there was discrimination both in licensing and taxation. 112 Ark. 17.

6.  The ordinance was a violation of the law as being contrary to the general laws of the State.

7.  It is oppressive and a matter to which the police power does not extend.

8.  It was a fraud upon the tax-payers and the city and is unconstitutional. Const. 19, § 27; 43 Ark. 471; 55 *Id.* 148; 69 *Id.* 679; 90 *Id.* 679; 43 *Id.* 525; 59 *Id.* 513; *Bryan* v. *Malvern,* 122 Ark. 379; 90 Ark. 127; 69 S. W. 679; 161 *Id.* 575; 93 Ark. 612; 34 *Id.* 553; 171 S. W. 871; 106 Ark. 376; 33 *Id.* 690; 56 *Id.* 370; 70 *Id.* 28; 101 *Id.* 238; 96 *Id.* 199; Kirby's Digest, § § 6873, 6894, 6895. It is clear from the title and text of the act that

it only applied to Independence County. 66 Ark. 575; 103 *Id.* 552; 48 *Id.* 370; 27 *Id.* 419; 28 *Id.* 200.

See also as to the intent of the Legislature, 27 Ark. 419; 3 *Id.* 285; 28 *Id.* 200; 48 *Id.* 305; 102 *Id.* 373; 35 *Id.* 56, 60; 71 *Id.* 556; 100 *Id.* 175; 90 *Id.* 520; 86 *Id.* 518.

*Jas. W. Mehaffy*, for appellee.

The ordinance conforms to the act, which is a general act and is constitutional. 76 Ark. 303-308; 65 *Id.* 521-532; 68 *Id.* 83; Const. Art. 5, § § 21-24, Art. 2, § 23, Art. 12, § 4; 46 Ark. 477.

Courts have nothing to do with the wisdom or the expediency of an act. 70 Ark. 549; 72 *Id.* 195; 65 *Id.* 521; Kirby's Digest, § § 5526-5527, 6873. There is no discrimination nor class legislation. 121 Ark. 606.

McCULLOCH, C. J. Appellants, who are citizens and taxpayers engaged in various business pursuits in the City of Hot Springs, instituted this action in the chancery court of Garland County to restrain the enforcement of an ordinance of the city council requiring those who desire to operate certain lines of business to procure a license and pay the fee therefor. The contention is that it amounts to an occupation tax which the city has no power to impose. On final hearing of the cause, the chancellor decided that the ordinance was valid and dismissed the complaint for want of equity.

It is not contended by counsel for appellee that the imposition was intended otherwise than as an occupation tax, and it seems clear from a consideration of the terms of the ordinance that it was so intended and that such is its necessary effect. It is not really necessary, however, to determine that question, for there are occupations included in this controversy which the city council is not empowered even to regulate or to license unless it is under the statute relied on by appellee, and the controversy here narrows to a decision of the question whether or not the statute mentioned has any general application so as to confer authority upon the city council of Hot Springs.

(1)   It is clear that the appellants had the right to institute this action, not for the purpose of restraining criminal prosecutions, but to enjoin the collection of an illegal tax.  *Taylor, Cleveland & Co.* v. *City of Pine Bluff,* 34 Ark. 603; *City of Little Rock* v. *Prather,* 46 Ark. 471.

(2)   We may treat as settled that the Legislature "has authority under the constitution to delegate to cities the power to tax occupations."  That question was expressly decided in he case of *City of Little Rock* v. *Prather, supra.*  The clear reasoning of that opinion leaves nothing further to be said on that subject, and its force has been recognized in subsequent decisions of this court.  *Ft. Smith* v. *Scruggs,* 70 Ark. 549; *Conway* v. *Waddell,* 90 Ark. 127.  The Prather case involved the validity of the Act of March 21, 1885 (Acts of 1885, p. 92), the fifth subdivision of section three of which expressly authorized the council of any city of the first class, by a two-third vote, to pass an ordinance imposing an occupation tax, and the court decided that the power thus delegated was not in contravention of any provision of the Constitution and that the statute was valid.  That part of the statute was, however, repealed by the General Assembly of 1887.  Acts of 1887, p. 44.  The doctrine of the Prather case has not been in the slightest degree impaired by any subsequent decision of this court.  It is true, in the case of *Fort Smith* v. *Scruggs, supra,* Judge Riddick, in delivering the opinion, said that a tax upon the use of property might under some circumstances amount to a tax on the article as property, but that the ordinance then under consideration, which imposed a tax on vehicles, was not a property tax but in effect an imposition of the payment of tolls upon those who used the streets of the city.  The force of the Prather case was clearly recognized.

(3)   Municipalities possess no inherent powers and can exercise only such powers as are delegated to them by the legislative branch of the state government, either expressly or by necessary implication.  There is no gen-

eral statute in operation in this State authorizing municipalities of any class to impose an occupation tax, unless that authority be found in an act of the General Assembly of 1907 entitled "An Act for the Enlargement of the Powers of Cities of the First and Second Class and Incorporated Towns in Independence County." Acts of 1907, No. 322, p. 782. The contention of appellee is that while the title of this act indicates that its operation was restricted to Independence County, the scope was broadened by the full text of the statute so as to make it general in its nature.

The three sections of the statute read as follows:

"Section 1. That in addition to the powers now conferred by law upon cities of the first and second class and incorporated towns that for the purpose of raising revenues to defray the expenses of additional police force and fire protection, they be and are hereby empowered to, by proper ordinance, require the payment of a license from all merchants, restaurant keepers, hotels, butcher shops, barber shops, ten pin alleys, and all other places of business within their limits where articles are kept for sale or exchange, or where any kind of game is indulged in and a charge is made therefor, and to provide penalties for the violation of such ordinances, as now prescribed by law for the violation of ordinances of a similar character.

"Section 2. That this Act shall apply only to Independence County and any other county or counties that may desire to take advantage of the provisions of this Act.

"Section 3. That this Act take effect and be in force from and after its passage."

(4) It will be observed that section 1, which undertakes to prescribe the powers to be conferred upon municipalities, is general in its nature and contains no restriction to any particular locality; but the language of section 2 is very peculiar, to say the least of it, and when considered in the light of the title, it is by no means clear that the Legislature intended to enact a general

statute, or that it adopted language of sufficient force to accomplish that end. *St. L., I. M. & S. R. Co.* v. *State,* 86 Ark. 518. When in doubt, we are at liberty to look to the legislative title of the statute, and there is certainly enough ambiguity in this one to warrant us in giving careful consideration to the language of the title. *Western Union Tel. Co.* v. *State,* 82 Ark. 302. There is no provision in the Constitution of 1874, as there was in the Constitution of 1868, requiring that there be a title to every statute, and that "no act shall embrace more than one subject, which shall be embraced in its title." The only provision of the Constitution of 1874 prescribing any restrictions as to the unity of subjects to be embraced in a statute, relates to general appropriation bills. Constitution of 1874, Art. 5, Sec. 30. The Constitution provides a form of the enacting clause of all statutes (Art. 5, Sec. 18), but stops there without any further restriction.

However, the legislative form of affixing a title to a statute is a custom of such general nature in American legislation that it has been always followed here regardless of any express requirement in the organic law. The title itself forms no part of the enactment, but in this instance it shows very clearly the legislative intent that the statute was meant only to apply to Independence County. Section 1 is couched in very broad language, but the next section was evidently intended either to explain, restrict or amplify the preceding section; and if any meaning be given to it at all it is that it was intended to put the statute into immediate operation in Independence County, whether it applied to any other locality or not. If it had been intended by the lawmakers to make the statute apply generally, section 2 need not have been inserted at all, so if we are to give any effect to that section we must construe it to mean that the Legislature intended to put the statute into operation in Independence County, as distinguished from its operation in other localities, and leave it to the option of other counties whether or not the benefits of the provision should be taken advantage of. It is argued that the statute being one merely

to delegate authority to city councils, the language in the last clause of section 2 was evidently intended to confer authority upon municipalities in other counties, and that such is a fair interpretation of the statute. This part of the statute was dealing, however, not with separate municipalities within a given territory, that is to say, with municipalities included within the territory of the county named, and it does not warrant the inference that the Legislature merely meant to say that the Act should be one of general application to be taken advantage of by the municipalities in any other county.

(5-6) It is possible that the framers of the statute intended to use that language as an invitation to representatives from other counties to include their constituents in the bill during its passage through the Legislature. It is well known that bills for statutes are often inartificially drawn and have to be gotten into shape dur- the progress of the passage of the statute by those who are more skillful in the framing of laws. But we often find examples where a statute has failed of its purpose because of the fact that in the hurry of legislation the defects have escaped attention. Whatever may have been the purpose, and however much we may speculate as to what this language means, we are of the opinion that it does not demonstrate to a certainty that the Legislature meant to enact a general statute, operative, without any further action, in all of the counties of the State. It is too clear that the Legislature intended to make some distinction between Independence County and other localities of the State, so far as concerns the immediate effect of the statute. In other words, there is a very clear manifestation to put the law into effect in Independence County, but only to open the way for its adoption in other localities, and that language is not strong enough to provide a method for its adoption. A mere declaration that the Act shall apply in "any other counties that may desire to take advantage" of it, wholly fails to provide any means for extending the scope, even if that could be done

otherwise than by a positive declaration of the lawmakers extending the provision.

The Constitution recognizes a clear distinction between special legislation having only local effect and general legislation. There are certain requirements concerning such special legislation that are not imposed as to general legislation. Whether or not the Legislature has the power to embrace both classes of legislation in one enactment, we need not stop to inquire at this time, since we have reached the conclusion that the language of the statute now under consideration is only effective to put it into operation as a special one in the particular locality named, and that it does not extend the operation of the statute to other localities. In reaching this conclusion, we do not attach any importance to the prohibition in the Constitution (Art. 5, Sec. 22) against reviving, amending or extending the provisions of the law by title only, for this is not an attempt to extend the provisions of the statute by reference to title. If the Legisature had put into the statute a clear expression of the intention to make it one of general application, it would not have offended against the provision of the Constitution just referred to. Having reached the conclusion, however, that the language is not sufficient to extend the provision, it renders that part of the statute, which declares that it shall apply to other counties which may desire to take advantage of it, wholly inoperative. We recognize our duty to give effect to every sentence and every word in a statute if possible to do so in harmony with all of its provisions, but this statute presents a case where something must be rejected and we are of the opinion that if we give any effect at all to that part of the statute which makes it special in its application to Independence County, it necessarily results that the other language intended to be more general must be rejected as being without sufficient potency to accomplish what the lawmakers may have intended.

We have not overlooked, in our consideration of this question, the decision in *Russell* v. *Board of Dir. of Red*

*River Levee Dist. No. 1,* 110 Ark. 20, and in *Young, Admr.* v. *Red Fork Levee Dist.,* 124 Ark. 61, construing the Act of the General Assembly of 1905 (p. 143), which referred especially to the St. Francis Levee District, and we held that the statute was general in its application. The language of that statute, however, was entirely different from the statute now under consideration, and notwithstanding the fact that it mentioned a particular levee district, the remaining language was of sufficient force to extend the operation to all other districts in the State. The present statute only constitutes an attempt to make it apply to such other counties as may desire to take advantage of it, and as there is no provision made for manifesting a desire to so adopt its provisions, the language fails to be of any effect.

There being no statute in the State delegating to municipalities the authority to impose an occupation tax, it follows that the chancery court erred in not restraining the officials of the City of Hot Springs from undertaking to enforce the ordinance. The decree is therefore reversed, and the cause remanded with directions to enter a decree in accordance with the prayer of the complaint.

HART, J., dissents.