SPECIAL SCHOOL DISTRICT No. 33 *v.* HOWARD.

Opinion delivered June 19, 1916.

1.  SCHOOL DISTRICTS—CHANGE IN BOUNDARIES—LAW APPLICABLE TO GREENE COUNTY.—Act 321, page 947, Acts of 1909, relating to the organization of special school districts, is repealed by Act 35, page 108, Acts of 1915, in so far as it relates to Greene County.

2.  SCHOOL DISTRICTS—DISMEMBERMENT.—Under Act 35, page 108, Acts 1915, county courts are given authority to dismember school districts organized under Act 321, Acts of 1909.

3.  SCHOOL DISTRICTS—FORMATION AND DISSOLUTION—POWER OF LEGISLATURE.—The power of the Legislature in enacting laws for the formation or dissolution of school districts, is plenary, provided contractual obligations are not impaired.

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; affirmed.

*R. E. L. Johnson,* for appellant.

The only power granted county courts was to change or alter the boundaries of *special* school districts, not *common* school districts. County courts have no power to change the boundaries of *common* school districts. The act is very ambiguous; its title and text are inconsistent and conflicting, and its different sections seem to conflict. It is a *special* act applicable to Greene County only. But the intention is clear and needs no construction. 76 Ark. 303; 65 *Id.* 521, 532; Black on Int. of Laws, p. 37. It should be strictly construed. 36 Cyc. 1190; 102 Ark. 401. The *intention* of the Legislature is plain and courts have nothing to do with the motives of the Legislature or the policy of the law. 36 Cyc. 1137; 66 Ark. 466; 38 Cyc. 1115; 177 Fed. 529.

*M. P. Huddleston, Robert E. Fuhr* and *J. M. Futrell,* for appellees.

The grant of power is plain and unambiguous. Where a specific power is granted all necessary means to successfully carry out such power are implied. Where the meaning is clear and definite, no question of construction arises. Power was given to change, etc., the boundaries of *all* school districts, whether special or common. 11

Ark. 44; 46 *Id.* 159; 46 *Id.* 37; 56 *Id.* 110; 65 *Id.* 521; 61 *Id.* 241. The *intention* of the Legislature is clearly expressed. 24 Ark. 487; 29 *Id.* 354; 63 *Id.* 576; 69 *Id.* 376; 76 *Id.* 303; Black on Int. Stat., p. 35. The means are necessarily implied. Black, Int. Stat., p. 62; Endlich, Int. Stat., § 418; 57 Barb. 593; Black, Stat. Const., p. 66; 54 Ark. 172.

SMITH, J. Appellees filed a petition in the county court of Greene County, in which they prayed the court to make an order changing the boundary lines of special School District No. 33 of that county by carving out certain portions thereof and adding the same to Common School Districts 12 and 39 of said county, said common school districts being adjoining districts thereto.

(1) The question in the case is whether the county court of that county has the authority to change the boundary lines of a special school district organized under Act No. 321 of the Acts of 1909, page 947, and the decision of the case is controlled by the construction given Act No. 35 of the Acts of 1915, page 108. The title of this act would indicate that it was intended to repeal Act No. 321 of the Acts of 1909; but a perusal of the entire act discloses the fact that the last enacted statute is a special act which applies only to Greene County. While the title of an act may be looked to to ascertain its meaning, it is still no part of the act and is not controlling in its construction. *Laprairie* v. *City of Hot Springs,* 124 Ark. 346.

(2) This special act is not entirely free from ambiguity, but a study of its provisions leads to two conclusions. The first of these conclusions is that Act 321 of the Acts of 1909 is repealed in so far as it applies to Greene County. Section 4 of this special act provides that sections 1, 2, 3 and 4 of Act 321 be repealed in so far as it applies to Greene County; but there are only four sections of that act, and its language should be read as if it said the entire act was repealed in so far as it related to Greene County. The second conclusion is that the Legislature intended to give the county court the author-

ity to dismember districts which had been organized under the prior act. Section 3 of this special act also provides that such order of dissolution shall not conflict with vested rights which have accrued. But that restriction does not diminish the power there conferred. This limitation would exist even in the absence of express legislative recognition.

(3) We have several times said that the power of the Legislature in enacting laws for the formation or dissolution of school districts was plenary, provided contractual obligations were not impaired.

The motion to dismiss and the demurrer to the petition, both of which question the validity of the special act, were properly overruled, and the judgment of the court is, therefore, affirmed.