McLeod v. Purnell.

Opinion delivered June 9, 1924.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—PUBLICATION OF ORDINANCE.—Crawford & Moses' Dig., § 5650, requiring the city clerk to publish the ordinance establishing an improvement district, is complied with when the body of the ordinance is published, without the title of the ordinance.

2. MUNICIPAL CORPORATIONS — PASSAGE OF ORDINANCE. An ordinance which was read three times and passed at the same meeting is not invalid because the record does not show the number of aldermen voting to suspend the rule, if it does show that two-thirds of the councilmen were present and voted to suspend the rule.

3. MUNICIPAL CORPORATIONS—DESCRIPTION OF IMPROVEMENT.—An ordinance establishing an improvement district is not void for designating the street to be improved as "Plum Street from the south side of Sixth Avenue to the south side of Eighth Avenue;" the word "side" meaning boundary line.

4. MUNICIPAL CORPORATIONS—APPOINTMENT OF COMMISSIONERS OF IMPROVEMENT DISTRICT.—Crawford & Moses' Dig., §§ 5652, 5657, providing for the appointment by the city council of a board of commissioners and of a board of assessors of an improvement district, is sufficiently complied with where they are appointed by resolution of the council adopted by "aye" and "no" votes, without any roll call.

Appeal from Jefferson Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*Wallace Townsend*, for appellant.

1. The ordinance creating the district is void for failure to comply with the statute regarding publication. The facts do not meet the requirements of C. & M. Digest, § 7502; but, even if it be conceded that the fact that the minutes of the council show a title which satisfies the above statute, the failure to publish the title is fatal, under § 5650, *Id.* The provisions of the latter named statute are mandatory. 67 Ark. 30, 43; 104 Ark. 298; 115 Ark. 163. For the same reasons, the assessment ordinance is void.

2. The ordinance is void for failure to comply with the requirements of § 7502, in its passage. The suspen-

sion of the rule is a matter that should affirmatively appear, and a two-thirds vote to suspend the rule is not sufficient. The record must show that fact.

3. The district is void for uncertainty in the description of the improvement to be made. 118 Ark. 119.

*H. Jordan Monk* and *Danaher & Danaher,* for appellee.

The only object in publishing the ordinance was to notify the people interested in the property to be improved that a movement for that purpose was on foot. That object was accomplished by the publication of the ordinance without the title. It was sufficient. 124 Ark. 346-351; *Id.* 475-6; C. & M. Digest, § 7502, relates only to by-laws and ordinances of a general nature. 153 Ark. 1.

WOOD, J. This is an action by J. A. McLeod against the commissioners of Improvement District No. 72 of the city of Pine Bluff, Arkansas. McLeod alleged that he was the owner of property in the district which was attempting to be organized by the city council of the city of Pine Bluff by virtue of an ordinance passed August 6, 1923, as follows, to-wit: "Ordinance No. 1868—An ordinance granting the formation of Paving District No. 72 of the City of Pine Bluff, Arkansas;" that the ordinance sets out correctly the property in the district and the streets to be paved; that the title, "An ordinance granting the formation of Paving District No. 72 of the City of Pine Bluff, Arkansas," appears on the minutes of the city council, but was not published as part of the ordinance; that the omission of the title in the publication of said ordinance invalidated said ordinance and rendered all subsequent proceedings with reference to the formation of said district void and of no effect; that on March 17, 1924, the city council passed ordinance No. 1924, assessing the benefits of this district, and the minutes of the city council meeting show an ordinance entitled, "An ordinance assessing the cost of benefits in Paving District No. 72," but, in publishing this ordi-

nance, no title was published, and therefore said ordinance did not become effective, and is null and void. Plaintiff further alleged that, in the passage of ordinance No. 1868, above mentioned, it was read three times and passed at the same meeting, and that, while there were more than two-thirds of the council members present and voting for the motion to suspend the rule, the minutes of the council meeting do not show the number of members voting to dispense with the rule, but merely show that, on motion duly seconded, the rules were suspended; that the failure of the minutes to show the number of members voting to suspend the rules and permit said ordinance to be read a second and a third time and passed invalidates the ordinance. Plaintiff further alleged that the petition and ordinances for the district are void upon the ground of uncertainty of the improvements contemplated, in that they recite that the streets to be improved shall be as follows: Plum Street from the south side of Sixth Avenue to the south side of Eighth Avenue; Cedar Street from the south side of Sixth Avenue to the south side of Eighth Avenue; Hickory Street from the south side of Sixth Avenue to the north side of Thirteenth Avenue; and so on through the list of streets; that the use of the term "side" is indefinite, and invalidates the petition.

Plaintiffs further allege that the board of improvement and also the board of assessors were appointed by the city council by resolutions which were adopted by "aye" and "no" votes, without any roll-call, which is contrary to the law in such cases made and provided, and such appointments are therefore void. Plaintiff alleged that the assessment levied by this district will be a lien on his property and cast a cloud upon his title, wherefore he prayed that the ordinance be declared null and void and defendants enjoined from proceeding with the improvements or from collecting any assessments.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer,

and McLeod refused to plead further, but elected to stand on his complaint. Whereupon decree was entered dismissing the complaint for want of equity. From that decree is this appeal.

1. The appellant contends that the ordinance is void for failure to comply with the statute regarding publication of the ordinance establishing the district. Section 7502 of Crawford & Moses' Digest provides, *inter alia,* "no by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title." Section 5650 of C. & M. Digest provides: "Within twenty days after the designation of such district or districts, the clerk of said city or town shall publish the ordinance of the council establishing the district, in some newspaper published in said city or town, for one insertion."

Section 7502, *supra,* clearly contemplates that municipal ordinances shall have a title, and § 5650, *supra,* requires the publication of the ordinance. But, although § 7502 requires that an ordinance shall have a title, still the title is no part of the body of the ordinance, any more than the title of an act of the Legislature is a part of the enactment. In *La Prairie* v. *Hot Springs,* 124 Ark. 346-351, we said: "However, the legislative form of affixing a title to a statute is a custom of such general nature in American legislation that it has been always followed here, regardless of any express requirement in the organic law. The title itself forms no part of the enactment." And in *Special School District No. 33* v. *Howard,* 124 Ark. 475, we said: "While the title of an act may be looked to to ascertain its meaning, it is still no part of the act, and is not controlling in its construction."

Although, under the statute, it was necessary for the ordinance to have a title which should designate the subject-matter of the enactment, yet the statute, § 5650, requiring the publication of the ordinance, is fully complied with when the body of the ordinance is published, and the ordinance establishing the district is not void

because of a failure to also include the title in the publication. The only purpose of the statute requiring the publication of the ordinance is to give notice to the property owners in the district, whose lands are to be assessed to pay for the improvement, of the proceedings that are on foot as affecting them. This design of the lawmakers is fully accomplished when the body of the ordinance itself is set forth in the publication. Simply giving the title to the ordinance, which designates the number of the ordinance and the number of the paving district, without describing the bounds of the district, giving the several additions to the city and the lots and blocks included therein which constitute the district, could be of no possible practical use to the property owners affected. Such a publication would give the property owners no notice or information whatever such as the law intended they should have by the publication of the ordinance, and would be of no practical importance to the property owners, because it would merely designate the ordinance and the district by number, and would not delimit boundaries or describe the lands embraced in the district. The omission therefore of the title in the publication of the ordinance does not invalidate the order establishing the improvement district.

What we have said concerning the publication of the title of the ordinance establishing the district applies likewise to the ordinance assessing the benefits to the property constituting the district.

2. The appellant urges, in the next place, that the ordinance was void because the record does not affirmatively show that two-thirds of the members of the council were present and voted to suspend the rules requiring the ordinance to be read on three different days, according to the provisions of § 7502, *supra*. The ordinance in question was read three times and passed at the same meeting. More than two-thirds of the council members were present and voted for the motion to suspend the rule, and the record or minutes of the council show that, on motion duly seconded, the rules were suspended, but

do not show the number of members voting to dispense
with the rule. There is no statute requiring that the
*minutes or record of the city council shall show the num-*
*ber of aldermen voting to suspend the rule.* Two-thirds
of the city council were present and voted to suspend
the rule of the statute, and the records or minutes of the
council show that the motion to suspend the rule was
duly seconded, and the rule was suspended, and the ordi-
nance read three times and passed at the same meeting.
An ordinance thus enacted is valid.

3. The appellant also contends that the ordinance
is void because of uncertainty in describing the improve-
ment to be made, in that the petition for the creation of
the district, in describing the improvement for paving,
designated "Plum Street from the south side of Sixth
Avenue to the south side of Eighth Avenue," and used
similar phrasing in describing that part of other streets
included in the district. There is no vagueness or uncer-
tainty in the language of the petition thus describing the
improvement. The *south side* of an avenue or street
means nothing more nor less than the south boundary
line of such avenue or street, and no plainer terms could
be used to express the area or distance covered by such
description.

4. It is contended, in the last place, that the com-
missioners and assessors of the improvement district
were appointed by resolution of the city council adopted
by "aye" and "no" votes, but without any roll-call.
It is sufficient to say, in answer to this contention, that
there is no statute requiring that the city council shall
appoint the board of commissioners and the assessors by
resolution adopted on roll-call. The statute simply pro-
vides that "the city council shall at once appoint three
persons to constitute the board of commissioners, and
also three persons to constitute the board of assessors."
Sections 5652 and 5657, C. & M. Digest. No method of
procedure is prescribed for making the appointment, and,
in the absence of a prescribed statutory method, the coun-
cil could adopt its own usual method for making appoint-

ments in such cases. The allegations of the complaint show that the assessors were appointed by the city council ·by resolution adopted by "aye" and "no" votes. This, in the absence of a statute requiring a roll-call, was sufficient.

The court did not err in sustaining the demurrer and in entering a decree dismissing the appellant's complaint. The decree is therefore affirmed.