CITY OF CRESTON, Appellee, v. ABE MEZVINSKY, Appellant.

No. 41314.

FEBRUARY 16, 1932.

Clifford Powell, for appellant.

J. D. Reynolds, City Solicitor, and Kenneth H. Davenport, for appellee.

FAVILLE, J.—The case is submitted upon an agreed statement of facts, the material part of which is as follows:

"The Plaintiff is a municipal corporation organized pursuant to the laws of the State of Iowa, and is the County Seat of Union County.

The defendant is a resident of the City of Red Oak, Iowa, and is an officer of the Red Oak Wholesale Fruit Co., engaged in the wholesale and retail fruit and vegetable business. That said Company maintains and operates a store in the City of Red Oak, Iowa.

That on the 16th day of December, 1915, the City Council of the City of Creston duly passed and adopted Ordinance No. 321 which is in words and figures as follows:

## Ordinance No. 321.

An Ordinance fixing the license of transient merchants; defining transient merchants; and providing a penalty for the violation hereof. Be It Ordained By The Common Council Of The City Of Creston, Iowa: Section 1. It shall be unlawful for any transient merchant to sell or offer for sale any goods, wares or merchandise at or in any store building, or any other place within the city of Creston, Iowa, either at auction or otherwise, without first procuring from the Mayor a license at the rate of not less than Five Dollars ($5.00) per day nor more than One Hundred Dollars ($100.00) per day; the rate to be charged for said license and the length of time for which it is issued to be within the discretion of the Mayor.

Section 2. In all cases application for license shall be made to the Mayor who shall inform the applicant of the amount required to be paid for same and the length of time for which it will be issued. And upon the production of a receipt from the City Treasurer showing that the required amount of such license has been paid, said license shall be issued to the applicant under the provisions of this Ordinance.

Section 3. Any person, company, incorporation, or association, whether by himself, itself or by agent or whether a resident or non-resident of the city of Creston, Iowa, who shall temporarily or intermittently engage in the sale of goods, wares or merchandise either at auction or otherwise, within the corporate limits of the city of Creston, Iowa, shall be deemed a transient merchant.

Section 4. Any person whether principal or agent or otherwise, who shall violate any of the provisions of this Ordinance shall be deemed guilty of a misdemeanor and, upon conviction thereof shall be fined not more than One Hundred Dollars ($100.00) or imprisoned not more than thirty (30) days.''

It was further stipulated that the taxes paid by six of the leading grocers and fruit dealers of Creston in 1929 was $1,-264.37, and in 1930, $1,250.86.

It was also stipulated that the appellant made a net average profit of $4.00 per day for fruit sold by him in Creston.

The sole question raised upon this appeal is as to the validity of said ordinance. The ordinance is assailed on a number

of grounds. We do not deem it necessary to consider more than one, reserving any pronouncement as to all others.

Code section 5743 is, in part, as follows:

"They [cities and towns] shall have power to regulate and license: * * * Sales of auctioneers, bankrupt and dollar stores, and the like, and those of transient merchants, and to define by ordinance who shall be considered transient merchants; * * *"

The power conferred upon cities and towns in respect to transient merchants is the power to define by ordinance who shall be transient merchants and to regulate and license sales of such merchants. There is no authority in the statute to *tax* transient merchants.

The ordinance provides for a minimum license fee of $5 per day and a maximum license fee of $100 per day, "the rate to be charged for said license and the length of time for which it is issued to be within the discretion of the mayor." Under this ordinance the mayor has the absolute discretion to fix the license fee at from $5 to $100 per day and to fix absolutely the length of time for which the license may be granted.

Is this a reasonable exercise of the power to "regulate and license?"

It is the well-established rule of this court, and of many others, that the determination of whether or not an ordinance providing for a license is reasonable and valid is for the courts. If the court, upon an examination of its terms, finds it to be unreasonable, the court must hold it to be void. Town of State Center v. Barenstein, 66 Iowa 249; Iowa City v. Glassman, 155 Iowa 671; Star Transportation Co. v. City of Mason City, 195 Iowa 930, 952.

It is also a well-recognized rule that the power to "regulate and license" does not grant authority to tax. Under the statute in question the power given to cities and towns is only to "regulate and license" transient merchants.

In the early case of City of Burlington v. Putnam Ins. Co., 31 Iowa 103, we held that licenses are a part of the police regulations and can be charged for as such, and only to the extent proper to reasonably compensate the city for issuing and enforcing the licenses and for the care exercised by the city under its police authority over the particular person licensed.

See, also, City of Ottumwa v. Zekind, 95 Iowa 622.

Such is the general rule.

We must, therefore, determine the reasonableness of this ordinance, not only by its express terms, but also in consideration of the added burden imposed upon the city, in granting licenses under the ordinance, and also bearing in mind the fact that the city cannot, under the guise of an ordinance to "license and regulate," impose a tax or prohibit such transient merchant from doing business in the municipality. Tested by these considerations we think the ordinance in question must be held to be unreasonable and invalid.

Under this ordinance the mayor is vested with power to charge appellant a license fee of $100 per day, which would be approximately $30,000 per year, and the mayor is, likewise authorized to fix "the length of time" for which the license might be issued. Therefore it is perfectly obvious that the mayor could absolutely prohibit the appellant from doing business in appellee city for more than one day and could impose a license fee of $100 for that period of time. That such an ordinance is arbitrary and unreasonable is too apparent to require extended discussion or comment. Certainly the possible license fee provided for in this ordinance is greatly in excess of what may be necessary to reasonably compensate the city for issuing and enforcing the license and for the proper exercise of police authority over the licensee, under the admitted facts.

We have held somewhat similar ordinances to be unreasonable and void and to virtually provide for the imposition of a tax under the limited power to regulate and license.

As bearing on this question, see Town of State Center v. Barenstein, 66 Iowa 249, supra; City of Ottumwa v. Zekind, 95 Iowa 622; Iowa City v. Glassman, 155 Iowa 671; State v. Osborne, 171 Iowa 678. See, also, State v. Angelo, 71 N. H. 224, 51 Atl. 905; State v. Bevins, 70 Vt. 574, 41 Atl. 655; Brooks v. Mangan, 86 Mich. 576, 49 N. W. 633; City of Carrollton v. Bazzette, 159 Ill. 284, 42 N. E. 837; Chaddock v. Day, 75 Mich. 527, 42 N. W. 977; Conway v. Waddell, 90 Ark. 127, 118 S. W. 398; Monroe v. Endelman, 150 Wis. 621, 138 N. W. 70.

In view of our conclusion as herein stated it becomes unnecessary for us to consider other matters argued in the case.

The court erred in failing to hold the ordinance in question to be unreasonable and invalid.

The judgment is—Reversed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.