Plefka v. Knapp, Stout & Co.

PLEFKA v. KNAPP, STOUT & COMPANY, *Appellant*.

### Division One, July 6, 1898.

1.  **Negligence:** DEFECT IN MACHINERY: PROOF. The mere proof of the absence of some particular part of a machine that is being used, and the further proof that an injury has resulted to the person using the machine in that condition, do not sustain the allegation that the injury was occasioned by the absence of the detached part of the machine.

2.  ———: ABSENCE OF PART OF MACHINE: NECESSARY PROOF: DEMURRER TO EVIDENCE. Where a petition charges that plaintiff was injured by defendant's negligently instructing and directing that he use and operate an unsafe appliance called a lumber hoister, and the evidence shows that the defect in the machine was the absence of a "shoe at the base of the carriage of the hoister," and there is no proof that the fall of the plank (which injured plaintiff) from the hoister was caused by the absence of the shoe, nor any proof by which the jury might determine what caused the fall, there is no connection between the defect complained of and the injury sustained, and the case ought not to be submitted to the jury.

3.  ———: PRACTICE: ALLEGATIONS AND PROOF. The burden is on the plaintiff to either prove specifically the allegations of the petition after the manner the injury is charged to have been occasioned, or to prove facts and circumstances from which the jury may fairly and reasonably conclude the existence of the averments made.

4.  ———: ASSUMING ISSUE. Plaintiff can not assume the issue he is required by his petition to prove.

*Transferred from St. Louis Court of Appeals.*

REVERSED.

Plefka v. Knapp, Stout & Co.

*Pollard & Werner, W. P. Clarkson,* and *Rowell & Ferriss* for appellant.

No causal connection was proved between the defect complained of and the injury sustained. The absence of the shoe on the hoister was a condition, not a cause. Wharton on Negligence [2 Ed.], sec. 85 *et seq.* There is no substantial evidence of the negligence charged.

*Sturdevant, Stear & Sturdevant* for respondent.

ROBINSON, J.—This suit was begun by plaintiff to recover for personal injuries which he alleges was caused by the defendant's negligently instructing and directing that he use and operate an unsafe appliance called a lumber hoister.

The answer of defendant in addition to a general denial charged plaintiff with contributory negligence in the manner of handling the machinery, and further charged, that, if the machine was defective in any particular as alleged, plaintiff knew thereof prior to and at the time he received the injury complained of and assumed the risk of working with the machine in its then condition.

At the trial of the case in the circuit court plaintiff had judgment for $2,500, and defendant prosecuted its appeal to the St. Louis Court of Appeals, where the judgment of the circuit court, in an opinion written by Judge BOND and concurred in by Judge BLAND of that court, was affirmed, Judge BIGGS dissenting and deeming the opinion in conflict with the following cases: *Helfenstein v. Medart,* 136 Mo. 595; *Fugler v. Bothe,* 117 Mo. 475; *Bradley v. Railroad,* 138 Mo. 293; *Lucey v. Hannibal Oil Co.,* 129 Mo. 32; *Devitt v. Railroad,* 50 Mo. 302; *Ellingson v. Railroad,* 60 Mo. App. 679;

asked that the case be certified to this court, which was accordingly done.

As we read the record herein, there appears to us no occasion to discuss this case upon the lines pursued by the court of appeals or of considering whether the opinion as written and approved by the majority of that court is opposed to the doctrine as announced in the *Helfenstein* and other cases cited, according to the view of the dissenting judge therein. There was no evidence in the case to justify its being submitted to the jury upon any theory.

The defect in the appliance that plaintiff was given to use, as charged in his petition, was that a shoe had been removed from the base of the carriage of the hoister, and it is alleged that in consequence thereof a board that was being hoisted by plaintiff fell from the machine and struck him upon the foot. To have maintained plaintiff's action it was necessary for him to have shown, either, directly, that the board that fell upon his foot slipped or fell out of the machine, because of the absence of the shoe, or a state of facts so connected with and related to each other must have been shown, that the conclusion therefore might reasonably and fairly be made that such was the cause of the fall of the board. The mere proof of the absence of some particular part of a machine that is being used, and the proof that an injury has occurred to a person using the machine in that condition, does not fill the measure of proof of the charge that the injury was occasioned on account of the absence of the detached part of the machine.

That the board did fall from the trough or plane of the machine in which it was placed because of the absence of the shoe (with its projecting lip, as it is termed) is possible; that it might have fallen from one of a half dozen other causes, that could be suggested,

Plefka v. Knapp, Stout & Co.

is quite as probable. That it would not fall if placed properly on the machine, with its lower end resting on the iron strap (to which the shoe was attached when in use on the machine), as plaintiff said it was, as it would not if it had been permitted to rest on the shoe itself, is absolutely certain, unless the shoe, or the iron strap upon which the board was resting, should give way, or unless disturbed by some force, power or motion applied to the machine or the board itself, of which we find nothing in the testimony. The strap of iron against which the board was resting, when in the machine, did not break, bend or give away in any particular, nor was there any facts shown to indicate how or why the board fell from its place in the machine. Without showing that the hoisting machine, or the board itself, at the time of the accident, was subject to some motion, jar or influence (of which we have seen nothing in the testimony) that would have caused the lower end of the board to work or slip up the incline of the iron strap, upon which it was supported, and fall over its upper edge to the ground (that the lip on the shoe would have arrested, had the shoe been used upon the machine at the time), the jury had no facts from which they could fairly determine the occasion of the fall of the board, or from which they could have determined that the shoe with its broader base of support and with its projecting lip at its upper and outer edge would have prevented or arrested the influence of the disturbed condition of the board in the machine at the time. Without knowing what the disturbing force or motion was that occasioned the board to fall from the machine, or without being able to tell just how the board did fall, the merit of the worth of the shoe on the machine, over the iron strap used in this instance, as a preventative against accidents from falling boards could not be calculated or determined. The shoe that was

absent from the machine, and that is alleged as the occasion of the falling of the board that injured plaintiff, consists of nothing more than a block of wood four or five inches wide by eight or ten inches long, that is bolted on to the iron strap, as used on this occasion, for the board to rest upon when placed in the machine to be hoisted. To the upper and outer edge of the this block of wood called the shoe, is also attached a thin strap of iron called a lip, that serves the purpose of preventing a board placed upon the shoe from working up the incline of the shoe and falling over its upper edge when the board is jarred at its lower end. The iron strap, that was used on this occasion had no projecting lip to resist the tendency of the board placed on the machine from working up its incline and sliding over its upper edge.

The absence of the shoe on the hoister, was a mere condition, and not the cause of the accident. No casual connection was proved between the defect complained of and the injury sustained. To prove that an injury has been occasioned by a falling board from a machine, like the one in controversy, wanting in one of its original attachments, and then show that the board could not have fallen after a given way from the machine had the attachment been used, is not showing what force, power or motion caused the board to fall in that instance or that its resistance would have been overcome had the absent appliance been used.

According to the testimony, the iron strap or bar, upon which the board that fell and injured the plaintiff was resting, was ample and did prevent the board from slipping directly down the incline upon which it was placed preparatory to being hoisted, as it was shown to have been neither broken, bent or twisted to one side after the board had fallen. But, says the plaintiff, had the wooden shoe (with its projecting flange

at its outer and upper edges) been attached to the strap of iron, so that the board that plaintiff was hoisting, could have rested upon the shoe, instead of upon the strap as it was, the board would not have fallen from the machine. That is assuming the very issue the plaintiff was called upon to prove. It does not necessarily follow that because a machine is used after a manner not contemplated by its original builder or inventor that it should be used, and that an accident happens to some one while using and operating the machine with one part of its original appliances detached, that the injury was the result of the absence of the detatched part of the machine, or that the machine in its original construction is a better or safer machine than when used with a part of its original attachment detatched. In fact several reasons might be suggested wherein the use of the machine without the shoe would not only be more convenient, but less liable to inflict an injury on a party operating it from the ground than when used with the shoe, and witnesses so testified at the trial.

Nor would the mere use of a machine confessedly out of repair and with one or more of its original attachments absent from the machine at the time, relieve a plaintiff, who as an employee might have been injured while working about the defective machine, from the burden of proving specifically the allegations of his petition after the manner the injury is charged to have been occasioned, or facts and circumstances from which the jury as triers of the facts could fairly and reasonably conclude the existence of the averments made. No such facts in this case have been shown and the trial court should have so instructed the jury. The judgment of the circuit court is reversed. Brace, P. J., Williams and Marshall, JJ., concur.