F. M. LOWE, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Division Two, July 6, 1915.

1. **MASTER AND SERVANT: Safe Tools.** Generally a master is required to use ordinary care to furnish a servant with safe tools and appliances and to keep them in a safe condition for the performance of the labor required; and the servant is required to use ordinary care for his own safety.

2. ———: ———: **Ordinary Care.** What constitutes ordinary care in any case depends upon the nature and character of the tools and appliances and the dangers to be encountered in their use.

3. ———: ———: **Burden to Show Negligence Upon Servant.** To recover damages resulting to the servant from the use of

Lowe v. Railroad.

tools, the burden uniformly rests upon him to prove negligence on the master's part. A case is not usually made out by showing the condition of the tools and the resulting injury; he must go further and show that at the time of the injury an ordinarily prudent man occupying the position of the master would have apprehended that the use of the tools would, by reason of their condition, probably result in injury.

4. ————: Dull Pick: Apprehension of Danger. Proof that a pick used by a section hand in removing ties from under the rails of a railroad, was dull, and that a sharp pick would have been safer, does not establish negligence on the master's part in furnishing an unsafe tool; it cannot be said that a dull pick so used is not reasonably safe; whether dull or sharp, a pick is a simple tool which does not under ordinary circumstances arouse apprehension of danger from its use.

5. ————: ————: Danger Not Apprehended by Servant. If an experienced servant, after the continued use of a dull pick in removing old ties from a railroad track, did not apprehend danger from the use of the pick and it did not occur to him that he was liable to injury by its slipping out and his falling backward, the master should not be held to have anticipated its dangerous character and to have kept it sharpened.

6. ————: ————: ————: Falling Backward. Nor was the master any the more chargeable with the duty of apprehending that if the pick slipped out the servant would fall backwards than was the experienced servant after having used the dull pick several times without falling.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*Sizer & Kemp* for appellant.

(1) Respondent will insist that as the pick was a simple tool the appellant assumed the risk of using same, and will doubtless, as in the lower court, rely on the case of Mathis v. Stock Yards, 185 Mo. 434, as upholding its contentions. We contend that the Mathis case is not in point in this case for the reason that in the Mathis case there was no objection or com-

plaint made to the use of the plank, as there was in the
case at bar to the use of the pick.   Where a master
has expressly promised to repair a defect, the servant
can recover for an injury caused thereby, within such
a period of time after the promise as it would be rea-
sonable to allow for its performance.   Meyer v. Mfg.
Co., 67 Mo. App. 393; Conroy v. Iron Works, 62 Mo.
39; Burkhead v. Horse and Mule Co., 221 Mo. 700;
Harris v. Railroad, 146 Mo. App. 550.   (2)   Although
the pick was a simple tool yet a review of the cases in
Missouri with reference to the pick and maul and claw
bar, all simple tools, when being used in and about
railroads and tracks, will show that whenever neglig-
ence was conceded, admitted or proven, plaintiff has
always recovered, when free of contributory negli-
gence.   Franklin v. Katy, 97 Mo. App. 473; Browning
v. Rock Island, 118 Mo. App. 449; Deckard v. Wabash,
111 Mo. App. 117; Robins v. Mining Co., 105 Mo. App.
78; Blankenship v. Glass Co., 154 Mo. App. 483; John-
son v. Railroad, 96 Mo. 340; Prash v. Railroad, 151
Mo. App. 410; Harris v. Railroad, 146 Mo. App. 524.
In the case at bar appellant Lowe was using the pick
in the only customary and practical way that such
work as he was doing could be done, and hence the
method is not his choosing, but is the method of the
master prescribed by him and which the servant had to
obey.

*W. F. Evans* and *Mann, Johnson & Todd* for
respondent.

(1)   The court's action in sustaining the motion
for new trial was proper, because the court ought to
have given defendant's demurrer offered at the con-
clusion of plaintiff's case and renewed at the conclu-
sion of all the evidence.   Mathis v. Stock Yards Co.,
185 Mo. 434; Blundel v. Mfg. Co., 189 Mo. 552; Meyers
v. Glass Co., 129 Mo. App. 556; Christy v. Railroad,

131 Mo. App. 266; Post v. Railroad, 121 Mo. App. 562; Saversnick v. Schwarzchild & Sulzberger Co., 141 Mo. App. 509; Anderson v. Box Co., 103 Mo. App. 382. The servant when he enters the employment of his master assumes not only the risks incident to his employment but all dangers which are apparent and obvious as result thereof. The master is no insurer against all accidents that may overtake or befall the servant in his employ. Nugent v. Milling Co., 131 Mo. 245; Mathis v. Stock Yards Co., 185 Mo. 445. (2) The rule is that where a master has promised to repair and has not done so, the servant can recover for an injury caused thereby only when he relied upon the promise, and if he did rely upon the promise only if he was injured within a reasonable time after the promise was made. Stalzer v. Dold Pkg. Co., 84 Mo. App. 576; LaBatt on Master and Servant, p. 1204, sec. 425, sub-div. "B," citing Steel Co. v. Mann, 40 L. R. A. 781, and Railroad v. Duffield, 47 Am. St. 310. And see also: Andrecisk v. Tube Co., 4 L. R. A. (N. S.) 918; Holloran v. Iron & Foundry Co., 133 Mo. 479; Meyers v. Glass Co., 129 Mo. App. 562.

WALKER, J.—The plaintiff brought this action in the circuit court of Stone county to recover damages for personal injuries alleged to have been received by him while employed as a section hand on defendant's line of railway. Upon a trial there was a verdict for plaintiff in the sum of $1000, and a motion for a new trial was sustained, from which order plaintiff appealed to the Springfield Court of Appeals, where the action of the trial court was affirmed. From this judgment Nixon, J., dissented, and on the ground of a conflict with our decisions the case was transferred to this court.

Plaintiff when injured was employed in taking old ties from under defendant's track. In so doing it was

necessary to remove the spikes which fastened the ties to the rails, jack up the rails and imbed the point of a pick with which he was working in the tie and pull it from under the rails. In attempting to do this, after one or two unsuccessful efforts, he imbedded the pick in a tie and attempted to pull it out, when the pick suddenly came out of the tie and plaintiff in falling backward received the injuries of which he now complains. The negligence of defendant in failing to have the pick sharpened is relied upon to authorize a recovery, it being contended that if the pick had been properly sharpened it would not have slipped out of the wood and plaintiff would not have fallen.

The evidence shows that at the time of the injury the pick had been in use about two months and had not been sharpened for a week and a half before the injury and was very dull; that it was hard to get a dull pick to stick in the ties; that the boss had promised to have the pick sharpened the morning before the injury, but had not done so. Plaintiff states that he worked practically all the time with a dull pick, as it would grow dull two or three days after sharpening; several times before this the pick had slipped out of the wood but he had not fallen on account thereof; this was the first time that he had fallen by reason of the pick slipping out of the tie. He thought nothing about the pick being dull the morning of the injury. Several witnesses testified that the picks were usually dull, but that the section hands did not quit working on that account.

Was the testimony sufficient to authorize the submission of the case to the jury?

Generally a master is required to use ordinary care in furnishing a servant with safe tools and appliances and in keeping them in a safe condition to perform the labor required; and a servant is required to

**Defective Tools: Proof of Negligence.** use ordinary care for his own safety. What constitutes ordinary care in any case depends upon the nature and character of the tools or appliances and the dangers to be encountered in their use. Upon the servant uniformly rests the burden of proving negligence on the part of the master, and a case is not usually made out which will sustain an action for damages by showing the condition of the tool or the appliance and the resultant injury; such a state of facts must be submitted to the jury as will show that at the time of the injury an ordinarily prudent man occupying the position of the master would have apprehended that the tools or appliances used by his servant would by reason of their condition probably result in injury.

**Defective Tool: Pick.** There is no testimony in this case tending to show a duty resting upon the defendant to keep plaintiff's pick sharpened in order to prevent the latter being hurt by using it as he was at the time of the injury. It is true a conclusion is found in the testimony of some of the witnesses to the effect that a sharp pick would be a little safer than a dull one. This testimony has little probative force, because, while a sharp pick may be a little safer than a dull one, it does not follow that a dull one is not reasonably safe. The simplicity of such a tool as a pick is such that, dull or sharp, it would not under ordinary circumstances arouse an apprehension of danger from its use. It is not unreasonable to assume that the plaintiff knew all about it, and from his own testimony the conclusion is authorized that he knew it was likely to slip out of the tie at any time, yet he did not apprehend any danger of being injured in the event this occurred. In fact he says, "I never gave it any thought that morning. I never thought about getting hurt." The pick had sliped out of the ties before and he had not been hurt, so that the thought of injury at that time naturally did not enter his mind. If it did not

occur to him that he was liable to be injured, defendant should not be held to have anticipated injury in the event of the pick slipping. There is absent from this case any evidence of a latent defect or a case in which the master had a superior knowledge of the condition of the tool furnished; it is simply a plain case of a man working with an ordinary tool, possessed of all the knowledge that can be acquired in relation to its safety and as a consequence apprehending no danger at the time. These facts constitute a cogent reason why the defendant should not be held responsible for not having apprehended danger and providing against it. The testimony shows that the pick had slipped out several times before and that plaintiff had not fallen. This fact coincides with the common knowledge of everyone that a pick slipping out as this one did is not likely to cause the one using it to fall, and therefore such a result was not to be anticipated by any reasonably prudent man. Consequently there is no basis for a charge of negligence on the part of the defendant in not sharpening the pick. In the absence of a reason to apprehend danger of injury to plaintiff by his use of the pick while dull, there arose no duty on the part of the defendant to keep it sharp for the plaintiff's protection. Under no view of the facts is the conclusion authorized that the sharpening of the picks was for the purpose of protecting the men using them from injury, but to facilitate the work in which they were engaged.

Nor is plaintiff's case aided appreciably in assuming that defendant should have apprehended the danger of plaintiff's falling in the event the pick should slip, for under this assumption plaintiff is chargeable with the same apprehension, and as a consequence it would have been his duty to use ordinary care to have prevented the fall. This could easily have been done by assuming such a position in striking the blow that

265Mo.38

he would not have fallen backwards upon the pick failing to stick in the tie when he attempted to draw it from under the rail. The use of ordinary care to prevent injury is an ever present obligation. If, therefore, plaintiff had any reason to apprehend that he would fall, this apprehension should have moved him to guard against it. In failing to take what in this case was a simple precaution, viz., one of attitude in attempting to draw out the tie, he was guilty of contributory negligence.

We fail to find any conflict between the majority opinion of the Springfield Court of Appeals in this case and that of this court in Dakan v. Chase & Son Merc. Co., 197 Mo. 238, and in Bowen v. Railroad, 95 Mo. 268, under which claim the case was certified to this court.

It, therefore, follows that the judgment of the Springfield Court of Appeals sustaining the action of the court below in granting a new trial should be affirmed, and it is so ordered. *Faris, P. J.,* concurs; *Brown, J.,* not sitting.