JOSEPH LODUCA, Appellant, v. ST. LOUIS-SAN FRANCISCO
RAILWAY COMPANY.

Division One, July 30, 1926.

**1. NEGLIGENCE: New Trial: Demurrer to Evidence: Defective Tools.**
Where there is clear evidence of the failure of the master to furnish the
employee the usual tools for doing the work in hand; that the tool which
the vice-principal directed the employee to use was a defective and dangerous
tool for doing the work, and that the employee was injured as a result of
using said unusual and dangerous tools, and all such facts were within the
negligence alleged, the trial court errs in setting aside a verdict for the
employee on the ground that it was error to overrule the master's demurrer
to the evidence.

**2. ———: Dangerous Tool: Sparks Striking Eye: Speculation.** If the em-
ployee was negligently ordered to do the work of cutting the old nuts and
bolts of steel rails with an improper tool and in a dangerous and improper
manner, and an injury to his eye was occasioned thereby, it is immaterial
whether the metal flake which struck the eye came from the tool used, the
nut, the bolt, or even the rail. In such case the contention that it is specu-
lative and conjectural whether the piece of metal which struck the em-
ployee's eye came from the tool or from the bolt or nut, is wholly beside
the real issue, the charge being that the master negligently ordered the
employee to do the particular work with a defective tool and the proof
being that the tool was dangerous and its use caused the injury.

**3. ASSUMPTION OF RISK: Defective Tool.** The servant does not assume
the risk which grows out of the master's negligence. If the case is submitted
to the jury on the theory that the accident was occasioned by the alleged
negligence of the master, there is no room in the case for the doctrine of
assumption of risk.

**4. ———: Spike Maul: Customary Use of Chisel.** The usual method of
cutting nuts from the ends of bolts which held railroad rails together being
to place a chisel in the center of a nut, and for one man to hold the chisel
in place while another struck it with a sledge hammer, and the chisel having
broken the servant was directed by the foreman to get a spike maul and
break off the nut, the strongest evidence that the foreman gave a negligent
order and failed to furnish a proper tool is that defendant had customarily
used a chisel and sledge, as did other railroads in the vicinity.

**5. ———: ———: Physical Facts.** There is less danger in driving a sharp-
ened chisel through a rusty nut upon a rusty bolt attached to a railroad rail
than in the breaking off either by striking with a spike maul, and the physi-
cal facts tend to show that there is less danger.

**6. ———: ———: Obvious Danger.** The use of a spike maul in breaking
off nuts and bolts which hold railroad rails together, in obedience to the
orders of the master's foreman, is not a danger so imminent and obvious
as to make the use contributory negligence as a matter of law.

**7. EXCESSIVE VERDICT: $12,500: Loss of Eye.** Where the injury oc-
casioned by the master's order to the employee to use a defective tool has
resulted in the entire loss of one eye, and the injury is such as to cause a
progressive decline in the other eye, a verdict for twelve thousand five hun-
dred dollars is not excessive.

Corpus Juris-Cyc. References: **Damages,** 17 C. J., Section 453, p. 1116, n.
6. **Master and Servant,** 39 C. J., Section 597, p. 483, n. 65; Section 896, p.
692, n. 6; Section 1161, p. 923, n. 64; Section 1164, p. 929, n. 93; Section
1326, p. 1134, n. 42; Section 1351, p. 1167, n. 72; Section 1384, p. 1203, n. 69.

Appeal from Circuit Court of City of St. Louis.—*Hon. George E. Dix,* Judge.

REVERSED (*with directions to enter judgment for appellant*).

*Patrick A. Lavin* and *William Kohn* for appellant.

(1) The demurrer to the evidence requested by defendant at the close of plaintiff's case and again at the close of the whole case were properly overruled because: (a) The evidence showed that defendant was negligent in failing to furnish plaintiff with reasonably safe and suitable appliances with which to do his work and that plaintiff was injured as a result thereof. 3 Labatt's Master & Servant (2 Ed.) pp. 2437, 2465; Walsh v. Quarry Co., 205 Mo. App. 167; Adams v. Railroad Co., 287 Mo. 551; Williams v. Pryor, 272 Mo. 613; Sager v. Mining Co., 178 Mo. App. 503; Brown v. Plate Glass Co., 251 S. W. 142; Kull v. Ford Motor Co., 261 S. W. 734. (b) The best proof that defendant was negligent in this regard is the evidence adduced by plaintiff that it was the custom and usage of defendant itself and of those engaged in the same business as defendant to remove bolts from tracks that are being taken up by employing two men for the purpose, one placing a chisel over the nut which holds the bolt in the rail and the other hitting it with a hammer, thus cutting the nut and releasing the bolt, and not as plaintiff was required to do the work, namely, break off' the nut by striking it with a spike maul; that the former was a reasonably safe way to do the work and the latter was a dangerous way. Cassin v. Lusk, 277 Mo. 677; Thompson v. Railroad, 270 Mo. 95; Curtis v. McNair, 173 Mo. 282; Huhn v. Railway, 92 Mo. 449; 3 Labatt's Master & Servant (2 Ed.) p. 2528, sec. 939, and p. 2555, sec. 949; Martin v. Kline Apparel Co., 249 S. W. 967; Spencer v. Bruner, 126 Mo. App. 102; Brunke v. Tel. Co., 115 Mo. App. 36. (c) Plaintiff did not assume the risk incident to the use of the spike maul in breaking bolts, because the evidence showed that defendant was negligent in requiring plaintiff to do the work with a spike maul. "The servant never assumes the risk when such risk grows out of the negligence of the master." Williams v. Pryor, 272 Mo. 624; Fish v. Railway, 263 Mo. 125; Charlton v. Railroad, 200 Mo. 433; George v. Railroad, 225 Mo. 407; Dietzman v. Screw Co., 254 S. W. 63. (d) The question of plaintiff's contributory negligence was one for the jury. The danger or risk to which plaintiff was subjected by doing the work with a spike maul was not so "glaring and obviously apparent as to threaten immediate and almost certain injury." The evidence showed that the danger incident to doing the work with a spike maul was not so apparent that a reasonably prudent person would think that the work could not be done safely. Thorpe v. Railway Co., 89 Mo. 620; Huhn v.

Mo. Pac. Ry. Co., 92 Mo. 445; Patrum v. Railroad Co., 259 Mo. 109; Bowman v. Elec. Light Co., 213 S. W. 161; Minnier v. Railway, 167 Mo. 120. (2) The verdict is not excessive. Knott v. Mo. Boiler Wks., 253 S. W. 749; Adams v. Railroad Co., 287 Mo. 535.

*E. T. Miller* and *A. P. Stewart* for respondent.

(1) The court did not err in granting defendant a new trial on the ground that it had erred in overruling the demurrer to the evidence at the close of plaintiff's case. Plaintiff made no case for the jury, and the demurrer should have been sustained. (a) It is speculative and conjectural whether the piece of metal which struck plaintiff's eye came from the spike maul or from the bolt or nut. Modlagl v. Foundry Co., 248 Mo. 605; Warner v. Railroad, 178 Mo. 134; Rogers v. Packing Co., 180 Mo. App. 236. (b) Plaintiff assumed the risk of injury from particles of metal flying from the bolts or nuts when struck with the spike maul. Emery v. Railway, 296 Mo. 680; Harbacek v. Iron Works, 287 Mo. 479; Modlagl v. Foundry Co., 248 Mo. 587. (c) There was neither allegation nor proof that the spike maul was in any way defective. The only theory on which defendant could be held liable is that it negligently furnished plaintiff a defective tool and that his injury was directly caused by such defect. Goransson v. Mfg. Co., 186 Mo. 300. (d) There was an entire failure of proof that the breaking of the bolts by means of a spike maul was a method not reasonably safe. No presumption of negligence in this respect arises in this case. Cody v. Lusk, 187 Mo. App. 334, 341. (e) On the record facts the question whether the use of the spike maul to break the bolts was a reasonably safe method was one of law for the court. Glenn v. Railway, 167 Mo. App. 117. (2) Defendant is not precluded from showing that a new trial should have been awarded on other grounds assigned in the motion therefor than the one specified by the court in the order granting such new trial. Emmons v. Quade, 176 Mo. 22; Chandler v. Gloyd, 217 Mo. 394; Millar v. Car Co., 130 Mo. 517. (3) Plaintiff's evidence having failed to make out a case for the jury or establish his right to recover, and not being aided by the evidence for defendant, the peremptory instruction requested by defendant at the close of the whole case should have been given, and the court would have been justified in awarding defendant a new trial on this ground. No inference of negligence arises from evidence that a particular implement or method was such as is ordinarily used for like purposes by persons engaged in the same kind of business. Bohn v. Railway, 106 Mo. 434; Brands v. Car Co., 213 Mo. 698; Minnier v. Railway, 167 Mo. 120; Cody v. Lusk, 187 Mo. App. 340; Sager v. Mining Co., 178 Mo. App. 513. (4) The court

would have been warranted in granting a new trial because of error in the giving of Instruction 1 for plaintiff. This instruction is erroneous and misleading, because: (a) It is not supported by the evidence. (b) It is contrary to the evidence. Authorities under point three. (c) It authorizes the jury to pass on questions which should have been determined by the court. Glenn v. Railway, 167 Mo. App. 117. (d) It authorizes a finding for plaintiff if a piece of metal chipped off and struck plaintiff in the eye, irrespective of whence it came. Authorities under point one (a) and (b). (5) The court would have been warranted in granting a new trial because of error in refusing defendant's requested Instructions B and C. These were withdrawal instructions, designed to eliminate from the consideration of the jury assignments of negligence which were without support in the evidence, and should have been given.

GRAVES, J.—Action for personal injuries. Plaintiff had a verdict below for $12,500, which verdict was set aside by the trial court upon the motion of the defendant, on the fourth ground of such motion (the court sustaining the motion on said ground alone), which reads:

"4. Because the court erred in overruling the demurrer to the evidence interposed by defendant at the close of the evidence on the part of plaintiff, over the objection and exception of defendant at the time."

From the order setting aside the verdict the plaintiff has appealed, and asks that the verdict be reinstated, and judgment entered thereon.

The grounds of negligence is thus stated in the petition:

"Plaintiff further states that on the 19th day of December, 1922, he was in the employ of the defendant and pursuant to his duties as a servant of the defendant was engaged with other servants of the defendant in tearing up one of defendant's railroad tracks at a point near Gratiot Station in the city of St. Louis, Missouri, and while so engaged plaintiff was struck in the right eye by a piece of metal, totally and completely destroying the sight of plaintiff's right eye; that plaintiff will be permanently blind in said right eye; that as a result of the injury of the right eye, the left eye will in the future also become involved, in which event the vision of the same will also be affected and may be completely lost; that plaintiff has suffered a severe shock to his nerves and nervous system; that his said injuries are serious and permanent.

"Plaintiff further states that his said injuries are the direct result of the negligence of the defendant, in this, to-wit: That the defendant, through its foreman, under whom plaintiff was at the time working and whose orders he was bound to obey,

negligently directed plaintiff to use a spike maul in breaking or knocking off the bolts holding in place the railroad track which it was at the time engaged in tearing up, when the defendant and its said foreman knew, or by the exercise of ordinary care would have known, that it was dangerous to use a spike maul for that purpose, in that in using the same in that manner the said maul and the bolts, plate or rail with which it came in contact while being so used were liable to chip or splinter and cause such chips or splinters to strike plaintiff and injure him; that nevertheless the defendant through its foreman negligently directed plaintiff to do said work with said spike maul; that while plaintiff was engaged in using said maul in the manner directed by defendant's said foreman, as aforesaid, the same or the parts with which it came in contact while being so used chipped or splintered and caused a chip or splinter to strike plaintiff's right eye, injuring him in the manner above set out.

"That it was the duty of defendant to furnish plaintiff, while working as its servant, proper, necessary and reasonably safe tools and appliances with which to work, but that on the aforesaid date it failed to exercise ordinary care in that regard by furnishing plaintiff and requiring him to do the work above described with a spike maul, when the proper, usual, customary and safe method and the proper, usual, customary and safe tools with which to do said work was for one man to hold a chisel with a handle attached against the bolt or plate or other part to be broken or knocked off and for another man to strike the same with a hammer or maul; that the use of said spike maul in the manner which plaintiff was required to use it, as aforesaid, was a dangerous and unsafe way of doing said work, and was not reasonably safe, and the said spike maul was an improper, dangerous and not a reasonably safe tool with which to do said work, in that the said spike maul and the bolts or rail or parts attached thereto with which it came in contact while being so used were liable to chip or splinter and cause such chips or splinters to strike plaintiff and to injure him; that the same did chip or splinter while plaintiff was using said maul for the purpose and in the manner in which he was directed to use the same as above set out, causing a chip or splinter to strike his eye and injure him as above mentioned."

The answer consists (1) of general denial, (2) a plea of contributory negligence, and (3) assumption of risk. Reply was a general denial. Such are the issues made by the pleadings.

I. The evidence for the plaintiff (under the trial court's order setting aside the verdict) is of prime importance. This evidence is short and clear upon the questions, although plaintiff, and per-

haps one of his witnesses had to speak through an interpreter. For some years the plaintiff had been working for defendant in the capacity of a section hand, doing all things pertaining to work usually done by such men, and working under a foreman. The day prior to the day of the accident he was engaged in cutting nuts upon the ends of bolts which held the iron rails of the tracks together. The work was upon a "Y" in a yard of tracks. The usual method of cutting the nut from the end of a bolt was to place a chisel, eight to ten inches long, and about one and one-fourth inches wide (at the lower, or cutting, end of the chisel), in the center of the nut, which chisel was held in place by one man, and another man would strike the chisel with a sledge hammer. The chisel being upon the upper edge of the nut, and being driven downward by the blows of the hammer, the evidence tends to show that particles of rust, steel or iron would fall to the ground and not go upward. This method of getting rid of these rusty nuts and bolts was the one usually used by the defendant, as appears from the evidence, and also the usual method used by some other railroads, likewise shown by the evidence. Late on the day before the accident, and shortly before quitting time, the chisel with which plaintiff and a colored man were cutting nuts was broken. The foreman then directed plaintiff to get a spike maul, as distinguished from an ordinary sledge hammer, theretofore used on the chisel. By the use of this spike maul the end of the bolt would have to be broken off, or the nut so broken that it would fall from the rusted bolt. The evidence tends to show that slivers of rust, iron or steel would fly upward and in other directions, by this method.

The next morning (the day of the accident) plaintiff called for a chisel, but the foreman directed him to proceed with the spike maul until a chisel could be secured. Plaintiff objected, but the foreman told him to proceed. He did proceed, and in the work broke one spike maul, and the foreman told him to get a spike maul from another workman near by and go on with his work. This plaintiff did, and after working a very short time he struck a nut with the spike maul and a sliver of steel or iron flew up and struck him in the right eye, which eye was put out, and according to the evidence of doctors the other eye was sympathetically affected, and the deterioration and loss of sight is progressing in the other eye.

From the plaintiff's side these are some of the material facts.

II. Learned counsel for appellant first undertakes to justify the action of the trial court in sustaining the motion for new trial on the ground that plaintiff made no case for the jury. In this there is a clear misconception of the negligence pleaded in the petition. The petition is broad enough at least to cover two grounds of

negligence, i. e. (1) a negligent order upon the part of the foreman (the vice-principal) to do the work in an unsafe and dangerous way, and (2) the negligent failure to furnish a chisel and sledge hammer, the usual (and from the evidence the safe) tools with which to do the work in hand. Upon either of these theories there was evidence to take the case to the jury, and the same were within the pleadings. There is clear evidence of a failure to furnish the usual tools for the doing of the work in hand. There is clear and pointed evidence that slivers and pieces did not fly upward from the parts when the men were cutting the nut with a chisel and sledge hammer, and that they did fly in all directions when the work was done in the other way. These two grounds of negligence were submitted to the jury by plaintiff's Instruction I.

It is urged (and cases are cited under the contention) that "it is speculative and conjectural whether the piece of metal which struck plaintiff's eye came from the spike maul or from the bolt or nut." This contention is wholly beside the real question. If the plaintiff was negligently ordered to do the work with improper tools, and in a dangerous and improper manner and the injury occurred thereby (which questions were submitted to the jury) it is utterly immaterial whether the metal flake came from the maul, the nut, the bolt, or even the rail. Nor is it material as to from whence it came, if the defendant negligently failed to furnish the plaintiff with proper tools with which to do the work, if such negligent failure was the occasion of the injury. There is some evidence strongly tending to show that the metal piece taken from plaintiff's eye came from the spike maul, but as said that is immaterial as above stated. This is not a case wherein is alleged the furnishing of a proper tool, but a defective one. The grounds of negligence pleaded and submitted, we have stated, supra, and shall not prolong this opinion by reiteration.

III. If the accident was occasioned by the negligence of the defendant, as the case was submitted to the jury by the plaintiff, and the jury found such negligence, then there is no room for the doctrine of assumption of risk under the rule in this State. The servant under our rule (and this is a case under the State rule) never assumes the risk which grows out of the negligence of the master. [Williams v. Pryor, 272 Mo. l. c. 624 et seq.]

The strongest evidence that the foreman gave a negligent order, and failed to furnish proper tools is that defendant itself had customarily used the sledge and chisel, as did also other railroads in the vicinity. The very physical facts would tend to show that there was less danger in driving a sharpened chisel through the rusty nut, than there would be in the haphazard method of striking to

break either the nut or the end of the rusted bolt. In the latter method there was more danger in striking all of the surrounding objects, i. e. the nut, the bolt, the angle bars which were used to make solid the rail joints, or even the rail itself.

In addition, under this point, it is not out of the way to say that the danger was not so imminent and obvious as to make the use of the method and means of the work, contributory negligence as a matter of law. It was a question for the jury. What we have said thus far demonstrates the correctness of the court's action in refusing defendant's Instructions B and C, of which complaint is made. Instruction B is in effect a peremptory instruction to find for defendant upon the alleged negligent order of the foreman. Instruction C is practically a peremptory instruction to find for defendant upon the alleged failure to furnish proper tools. Both questions have been discussed, supra, and both questions were for the determination of the jury under the facts and circumstances shown by the evidence.

IV. There is some complaint about the excessiveness of the verdict. We have stated the facts. One eye is gone, and the injury to it is such as to occasion the progressive decline of the other eye.

Under these facts this court has fixed $12,500 as a proper measure of damages. [Adams v. Railroad Co., 287 Mo. 1. c. 554.] In that case we said that there was a "lurking chance" of the impairment of the remaining eye, and cut a $20,000 verdict to $12,500. Under the evidence in this case there is more than a "lurking chance." To like effect is Knott v. Missouri Boiler & Sheet Iron Works, 253 S. W. 1. c. 758, in which the Adams case is approved by Division Two of this court. So, both divisions have approved the exact amount of the verdict in this case.

The order granting a new trial is reversed, and the cause remanded with directions to the circuit court to set aside such order. and to enter up judgment for plaintiff upon the verdict returned in his favor. All concur.