R. G. JOHNSON AND C. R. RICHARDSON *v.*
DAVID GATES, ET AL

5-4240                    415 S. W. 2d 329

Opinion delivered May 22, 1967

*Eugene Coffelt,* for appellants.

*Hardy Croxton* and *Eli Leflar,* for appellees.

CARLETON HARRIS, Chief Justice. This litigation arises as a result of a school election in Rogers School District No. 30 of Benton County, held on September 27, 1966, at which time the electorate approved a 55 mill school tax. Appellants are taxpayers and qualified electors in the district, and they instituted suit as a representative action, maintaining that the tax was illegally passed. Appellees demurred, and after a hearing, appellants refusing to plead further, the court dismissed the complaint. From the judgment so entered comes this appeal.

Numerous allegations, as to irregularities of the election, were made in the complaint, but only one is argued on appeal, *viz.*, that the ballot is an illegal and void ballot. The first section of the ballot provided for the election of a member of the board of school directors; the second section provided for the election of a member to the county board of education; the third section provided for the election of a member at large of the county board of education, and the fourth section, at issue in this litigation, reads as follows:

"Vote on measure by placing an "X" in the square above the measure either for or against:

For tax ☐

Against tax ☐

"The 55 mills tax includes (a) 17 mills for the maintenance and operation of schools; (b) 29 mills for the retirement of existing bonded indebtedness which has been previously voted and is a continuing annual building fund tax until the bonds are paid; and (c) 9 mills of this tax is to be collected annually and will constitute a continuing annual building fund tax until the payment in full of the principal and interest of a proposed bond issue of $1,000,000, which will run 20 years and will be issued for the purpose of erecting and equipping new school buildings, and making improvements and additions to present school facilities.

"The surplus each year arising from the building fund taxes, after providing for principal and interest maturing that year and the next six months' interest on all the outstanding bonds, may be used by the District for calling bonds for payment prior to maturity or for other school purposes."

Appellants' contention is set forth in the following statement in their brief:

"Every citizen and voter expects to levy a school tax for the operation of the schools of Arkansas in the several school districts. This he was not permitted to do in the case at bar. The voter was not permitted to vote for the school millage without voting for the building fund of 9 mills and on the other hand was not permitted to vote for the 9 mill building fund without voting for the school millage and still on the other hand was not permitted to vote for the school millage and against the building fund and still on the other hand was not permitted to vote for the building fund and vote against the school millage."

Further

"There will be much said by the appellees in regard to Amendment No. 40 of the constitution of Arkansas, but let it be said that Amendment No. 40 to our constitution specifically provides that the election shall be held under the supervision of the School Board to provide for the levy of Tax mills for the maintenance of school, the erection and equipment of school buildings and the retirement of EXISTING indebtedness."

It is true that this litigation is controlled by Amend-No. 40. That amendment provides as follows:

"The General Assembly shall provide for the support of common schools by general law, including an annual per capita tax of one dollar, to be assessed on every male inhabitant of this State over the age of twenty-one years; and school districts are hereby authorized to levy by a vote of the qualified electors respectively thereof an annual tax for the maintenance of schools, the erection and equipment of school buildings and the retirement of existing indebtedness, the amount of such tax to be determined in the following manner:

"The Board of Directors of each school district shall prepare, approve and make public not less than sixty (60) days in advance of the annual school election

a proposed budget of expenditures deemed necessary to provide for the foregoing purposes, together with a rate of tax levy sufficient to provide the funds therefor, including the rate of tax levy sufficient to provide the funds therefor, including the rate under any continuing levy for the retirement of indebtedness. If a majority of the qualified voters in said school district voting in the annual school election shall approve the rate of tax so proposed by the Board of Directors, then the tax at the rate so approved shall be collected as provided by law. In the event a majority of said qualified electors voting in said annual school election shall disapprove the proposed rate of tax, then the tax shall be collected at the rate approved in the last preceding annual school election.

"Provided, that no such tax shall be appropriated for any other purpose nor to any other district than that for which it is levied."

We do not agree with appellants' contentions, which relate to the first paragraph of the amendment. It will be noted that that paragraph authorizes school districts to levy an annual tax for the maintenance of schools, and compliance with this provision is not questioned in this litigation; there is also an authorization of a tax for existing indebtedness, and the tax is further authorized for "the erection and equipment of school buildings. * * *" It is observed that the ballot in question provides for all three of these matters, and the purpose of the 9 mill tax is the "erecting and equipping new school buildings." This is clearly in accord with the provisions of Amendment No. 40. Appellants' assertion is predicated on an erroneous interpretation that the indebtedness created by the erection and equipment of school buildings must *already be in existence* before a tax can be properly voted for its retirement; under their view, a tax for a *proposed* indebtedness for erection and equipment of school buildings cannot be approved. However, the amendment provides for "the erection and equipment of school buildings *and* retirement of existing

indebtedness." *Both* are included.

Appellants admit that the only new tax which appears on this ballot is the 9 mills which is to be collected annually in payment of the principal and interest for the proposed building program. Accordingly, if the voters did not desire to approve the 9 mills, they could have simply voted against the entire tax levy of 55 mills, and the rate would have remained at 46 mills, adequately providing for maintenance and operation, and already existing bonded indebtedness. Thus, we do not have before us a situation where there are two, or more, questions presented to the voter, *i. e.*, the board is not seeking, in addition to the 9 mills, an increase in the tax rate for maintenance and operation of schools, or an increase in the millage for retirement of existing indebtedness. Of course, if such were the case, the persuasiveness of appellants' argument would be strengthened, and more in point, but such circumstances do not exist.

Judgment affirmed.