The Honorable Keith N. Wood State Representative Post Office Box 1122 Hope, Arkansas 71801-1122
Dear Representative Wood:
This is in response to your request for an opinion on whether a school district may employ a ballot that separates, and therefore permits separate votes upon, proposed millages for maintenance and operation on the one hand, and new construction on the other.
In my opinion, the answer to your question is "yes," although considerable doubt remains and there can be no assurance that a court faced with the question would reach the same conclusion.
Arkansas Code Annotated § 6-14-114 (Repl. 1993), enacted as part of Act 30 of 1935, provides that judges in school elections shall make returns to the county clerk showing, among other things:
 In case of a division of the millage to be levied as school tax, the number of mills and the number of votes cast for each millage for:
(A) The current operation of the schools;
(B) The erection and equipment of school buildings; [and]
(C) The retirement of existing indebtedness. . . .
The purposes set forth in the statute correspond with the purposes for which school millages may be imposed under Ark. Const. art. 14, § 3. It is true that the constitutional provision consistently refers in the singular to the rate of tax proposed to be levied and approved in the election, but, in my opinion, such references do not compel the conclusion that millages for different purposes may not be voted upon separately. Indeed, the statute quoted above clearly contemplates that the people may vote separately on millages for different purposes.
It is also true that the court in Johnson v. Gates, 242 Ark. 631,415 S.W.2d 329 (1967), upheld a school election ballot that combined millages for more than one purpose against an assertion that electors should have been allowed to vote on each millage separately. The court noted that only one component of the total millage (for construction) was proposed to be increased, and that, accordingly, only one question was raised in the election, as the prior millage rate would have remained in effect if the proposed rate had failed. It might be noted, however, in support of the opinion herein, that the court stated that the appellants' arguments in favor of a ballot separating millage purposes would have been stronger if the district had proposed to increase two or more components of the total millage rate, thus creating two or more discrete questions. Johnson, 242 Ark. at 635. In any event, the court did not state or imply that a ballot separating millage components would have been impermissible, but only that it was not required in the circumstances.
Finally, it is also true that the court in Lewelling v. Mansfield SchoolDist. No. 76, 240 Ark. 237, 398 S.W.2d 665 (1966), upheld a ballot that permitted electors to vote only upon the proposed millage rate as a whole, and not upon its components. There, the ballot was challenged as not being in compliance with Act 28 of 1933 (Ex. Sess.), which required, among other things, that the ballot permit a discrete vote upon a proposal to establish or increase millage for a building fund to pay bonded indebtedness. The court held that Act 28 had been superseded by Ark. Const. amend. 40, codified as Ark. Const. art. 14, § 3. Lewelling
does not, in my opinion, however, stand for the proposition that a ballot may not permit separate votes on the components of a proposed school millage. The opinion does not explain in what respects Act 28 was found to be inconsistent with Ark. Const. amend. 40; rather, it merely states that the appellants challenged the election (not the ballot specifically) as not having been conducted in accordance with Act 28. In my view, the decision in Johnson, being more recent, makes Lewelling of little value in determining the validity of a ballot permitting separate votes.
In view of the fact that statutes enjoy a strong presumption of constitutional validity, State v. Ruiz Van Denton, 269 Ark. 331,602 S.W.2d 625 (1980), it is my opinion that a school district's use of a ballot that permits separate voting on each millage purpose, under a statutory scheme that contemplates that such a ballot may be employed, would, more likely than not, be found to be permissible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh