The Honorable Joe Hudson State Representative Post Office Box 470 Mountain Home, Arkansas 72653
Dear Representative Hudson:
This is in response to your request for an opinion on whether the ten percent (10%) income tax surcharge to be imposed under Act 916 of 1995 upon residents of school districts not levying the "base millage," as defined in Act 916,[1] may be imposed in districts whose voters have had no opportunity to vote upon the levy of exactly the base millage. Your request states:
 In certain school districts additional millage is being added, leaving the voters with a choice of voting on a much higher millage but with no chance to vote only on the [base] millage. . . .
Section 1(a) of Act 916 defines "base millage" as "25 mills excluding mills used to service debt." Section 2(a) of Act 916 provides that the Director of the Department of Education annually shall certify to the Director of the Department of Finance "the name of any local school district which has failed to levy at least the base millage." That subsection goes on to levy the income tax surcharge on "every individual resident of each local school district not levying the base millage. . . ."
The constitution sets forth the procedure by which millage rates for school districts are set and imposed. Under Ark. Const. art. 14, § 3, the school board prepares and publishes a proposed budget and rate of tax sufficient to fund the proposed budget. Electors in the annual school election either approve or disapprove the proposed millage rate. If the rate is approved, the tax is collected at that rate. If it is disapproved, the tax is collected at the rate prevailing prior to the election.
My understanding of the fact situation with which you are concerned is that a district may currently levy a tax at a rate of less than 25 mills (not including mills used to service debt), and may propose to increase that rate to a level in excess of 25 mills. Because the electors would have no option to approve a tax of exactly 25 mills, they would, in effect, be compelled to choose between only two alternatives, both of which they may find unacceptable: approving the proposed rate, which they may deem excessive; or rejecting the proposed rate and, as a consequence, becoming subject to the income tax surcharge.
Neither the constitution, Act 916, nor other statutory law requires a vote upon any millage rate other than the one proposed by the school board pursuant to the procedures mandated by Ark. Const. art. 14, § 3. InJohnson v. Gates, 242 Ark. 631, 415 S.W.2d 329 (1967), the Supreme Court of Arkansas rejected an argument that electors should have been allowed to vote separately on the separate components of a school millage (i.e., those portions of the rate designated for operation and maintenance, new construction, and retirement of debt). The case appears to support the proposition that, under Ark. Const. art. 14, § 3, school boards have authority to cause there to be taken a single "up or down" vote upon the total proposed millage, and that electors have no right to vote upon any option other than the aggregate millage rate proposed by the board.
The Supreme Court of Arkansas has recognized the General Assembly's duty under Ark. Const. 14, § 3, to "provide by general laws for the support of common schools by taxes." Special School Dist. No. 60 v. Special SchoolDist. No. 2, 181 Ark. 253, 257, 25 S.W.2d 443 (1930). The legislature has "full and complete power" in this respect, according to the court, except as restricted by the constitution. Id. Nothing in the constitution appears to restrict the legislature's ability to impose an income tax surcharge in the manner suggested.
In Op. Att'y Gen. 91-059, this office opined that a bill providing for a common millage rate throughout a newly-consolidated district following disapproval of the proposed new rate likely would be found to be constitutional. There, the tax would have been imposed at a rate never approved by residents of an area previously comprising a district. This office concluded, however, that in view of the legislature's authority in this area, the bill likely was not constitutionally infirm.
It is my opinion, then, that an income tax surcharge may be imposed upon residents of a school district not levying at least the base millage, notwithstanding that the electors of the district were given the choice only of imposing a rate in excess of the base millage, or disapproving such proposed rate and thereby continuing in effect a millage that is less than the base millage.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Your request refers to the base millage as being required by Act 917 of 1995. It is true, of course, that Act 917 specifies certain consequences to school districts levying or failing to levy the base millage, as defined therein. Act 916, however, provides its own definition of the term, not by reference to Act 917, and does not otherwise refer to Act 917. I have therefore not considered the provisions of Act 917 in formulating this opinion except to the extent I have considered all of the statutory law of Arkansas, as indicated in the body of the opinion.